UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICKI PERKINS,


                                        Plaintiff,

                                                            DECISION AND ORDER

                                                            14-CV-6400L


                        v.

COMMISSIONER OF SOCIAL SECURITY,



                                        Defendant.
_____


        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social
Security ("the Commissioner").  The action is one brought pursuant to 42 U.S.C. §405(g) to
review the final determination of the Commissioner.

        On September 9, 2011, plaintiff filed applications for a period of disability and disability
insurance benefits under Title II of the Social Security Act, and supplemental security income
under Title XVI.  Plaintiff alleged an inability to work since February 22, 2010.  (T. 17).  Her
applications were initially denied.  Plaintiff requested a hearing, which was held via
videoconference on February 7, 2013 before Administrative Law Judge ("ALJ") David S. Pang.
ALJ Pang issued an unfavorable decision on February 15, 2013, concluding that plaintiff was not
disabled under the Social Security Act.  That decision became the final decision of the

Commissioner when the Appeals Council denied review on May 22, 2014 (T. 1-3).  Plaintiff now appeals.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).  For the reasons set forth below, the Commissioner's cross motion (Dkt. #14) is granted, plaintiff's motion (Dkt. #13) is denied, and the complaint is dismissed.

## DISCUSSION

An ALJ proceeds though a prescribed five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  See 20 CFR §404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ continues to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities.  20 CFR §404.1520(c).  If not, the analysis concludes with a finding of "not disabled."  If so, the ALJ proceeds to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled.  If not, the ALJ's analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to

perform physical or metal work activities on a sustained basis notwithstanding limitations for the collective impairments.  *See* 20 CFR §404.1520(e), (f).

The ALJ then turns to whether the claimant's RFC permits her to perform the requirements of her past relevant work.  If so, the claimant is not disabled.  If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (*quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)).  *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'"  *Tejada v. Apfel*, 167 F.3d 770,  774 (2d Cir. 1998) (*quoting  Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)).  Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner."  *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

The same level of deference does not extend to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.1998).

The ALJ's decision discusses the bases for plaintiff's claim of disability, and identifies the record evidence supporting each of his findings. Upon a full review of the record, I believe that the ALJ applied the correct legal standards.

I also find that substantial evidence supports the ALJ's conclusion that plaintiff, then a fifty-four-year old woman with a high school education and past relevant work as a cashier, pharmacy technician and office helper, was not disabled, due to the ALJ's finding that the plaintiff was capable of performing simple, light work with frequent climbing, stooping, kneeling, crouching and crawling, no exposure to unprotected heights, occasional use of a motor vehicle and no more than occasional exposure to atmospheric conditions such as dusts, fumes and gases. (T. 21). When presented with this RFC, vocational expert Ms. Moore testified that plaintiff could perform the positions of mail clerk, ticket seller, and information clerk. (T. 26).

Plaintiff's treatment records reflect a history of complaints of pain and fatigue (ultimately diagnosed as fibromyalgia), along with Type II diabetes, asthma, hypothyroidism and depression. On review, I find that the ALJ's findings concerning plaintiff's RFC are consistent with the medical evidence of record.

As plaintiff notes, in determining plaintiff's RFC, the ALJ declined to grant controlling weight to an RFC form completed by plaintiff's treating general practitioner, Rebecca Lavender. It is well-settled that, "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).   *See* 20 C.F.R. §404.1527(d)(2).   In determining what weight to give a treating physician's opinion, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist.  20 C.F.R. §404.1527(d).  Further, the ALJ must articulate his reasons for assigning the weight that he does accord to a treating physician's opinion.  *Shaw*, 221 F.3d at 134.  *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a basis for remand) (internal quotations omitted).

Under the circumstances, I find that the ALJ's decision to give Dr. Lavender's opinion "little" weight was not improper.  The 2-page RFC form completed by Dr. Lavender specifies that it relates to plaintiff's fibromyalgia symptoms, and opines, via a series of checked boxes, that plaintiff can never lift any amount of weight frequently, cannot lift more than five pounds occasionally, cannot work more than six hours per day, cannot sit or stand for more than sixty minutes at a time, cannot sit or stand for more than four total hours in a given workday, and can only occasionally bend, stoop, or raise her arms above shoulder level.  (T. 623-624).

The "Comments" portion of Dr. Lavender's RFC report was left blank, and the form does not otherwise identify or explain the basis for the functional limitations it describes, other than to

refer to plaintiff's diagnosis of fibromyalgia.   Furthermore, it does not appear that Dr. Lavender's opinion could have been based upon any appreciable longitudinal treatment history with plaintiff.   The record contains scant treatment notes from Dr. Lavender, who was described at the time of plaintiff's hearing in February 2013, when her RFC form was first introduced into the record, as plaintiff's "*new* treating and primary care doctor."  (T. 34) (emphasis added).  Dr. Lavender's treatment notes, the earliest of which is dated January 16, 2012 (T. 596), document no complaints of disabling pain or weakness, and include no records of any objective testing of plaintiff's strength, dexterity, range of motion or stamina.   Plaintiff's diabetes and hypothyroidism are assessed by Dr. Lavender as "stable," or under "good" or "moderate" control (T. 603, 606, 607), and plaintiff's fibromyalgia symptoms are described as "stable . . . [f]eels functional although not pain free.  Able to keep up with current medication regimen.  Walks most days with her daughter, about 30 minutes (about 2 miles)" (T. 606).   In short, Dr. Lavender's treatment records do not suggest a degree of limitation that even remotely approaches that contained in her RFC assessment, nor do they contain diagnoses or test results from which such dramatic limitations might reasonably be presumed to follow.

Longitudinal treatment notes included in the record from other sources likewise do not support the extent of limitation indicated by Dr. Lavender.  At the time of her initial application for benefits, plaintiff identified Dr. Janet McNally as her treating physician.  (T. 177).  While it does not appear that Dr. McNally completed any assessments of plaintiff's RFC, the record contains treatment records from Dr. McNally ranging from 2006 through at least 2011, which document plaintiff's complaints of "mild" pain and tightness in her neck and joints (T. 306), and regular migraine headaches (T. 325).  Records from this period consistently report that plaintiff's asthma, thyroid issues, hypertension, diabetes and fibromyalgia-related pain are "doing well"

and/or "show[ing] some improvement" with medication and chiropractic treatments, and report that her reflexes are normal.  (T. 307, 310, 311, 315, 326, 333, 590-591, 592-595, 596-597). When asked to rate her neck and back pain on a standard 0-10 scale during her visits with Dr. McNally (with "0" meaning no pain, and "10" meaning unbearable pain), plaintiff rated her pain levels as ranging from 0 or "none" to 3.  (T. 284, 289, 290, 294, 295, 305, 306).

Dr. Lavender's opinion also conflicts with the opinion of Dr. Karl Eurenius, a consulting internist who examined plaintiff and tested her flexibility and strength, and found that plaintiff had a full range of motion in her cervical spine, some decreased lumbar flexion, normal strength (5/5 in all extremities and 5/5 grip strength), normal reflexes, normal gait and normal dexterity, with no sensory deficits.  (T. 439-440).  Given these objective findings, the RFC determined by the ALJ, which limits plaintiff to light work, did not effect a substitution of the ALJ's lay opinion for that of a medical source.

In light of the brevity of Dr. Lavender's treatment history with plaintiff, the lack of evidence to support it, and the inconsistency of her opinion with other medical evidence of record, the ALJ's decision not to grant Dr. Lavender's opinion controlling weight was not improper.

I have considered the rest of plaintiff's arguments, and find them to be without merit.


**CONCLUSION**

The Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted, and plaintiff's motion for judgment on the pleadings (Dkt. #13) is denied.  The Commissioner's

decision that plaintiff, Vicki Perkins, was not disabled, is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 19, 2015.